UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| S.S., *et al.*, | ) | CASE NO. 1: 12 CV 483 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Leatt Corporation, | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant Leatt Corporation's Motion for Summary Judgment (Doc. 71). For the reasons stated below, the motion is granted in part and denied in part.

**Background**

The basic background facts in this case were recently summarized in the Court's Memorandum of Opinion and Order addressing the parties' various motions to exclude expert testimony. Sixteen-year-old plaintiff Scott Scarvelli was seriously and permanently injured in February 2011 while using a Moto GPX neck brace manufactured by Defendant Leatt Corporation. Plaintiffs allege that, as a result of using the Leatt Brace, Scott Scarvelli became

1

permanently paralyzed after sustaining spine and spinal cord injuries during a motocross riding accident.  Scarvelli was wearing a Leatt Brace when he became separated from his motorcycle and landed on the dirt track surface of an indoor motocross facility.

Plaintiffs allege claims against Leatt for common law negligence, violations of the Ohio Product Liability Act (OPLA), misrepresentation , violation of the Ohio Consumer Sales Practices Act (OCSPA), loss of consortium, and for punitive damages.

**Standard of Review**

Federal Rule of Civil Procedure 56 governs summary judgment and provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled judgment as a matter of law."  The procedure set out in Rule 56(c) requires that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion."  This can be done by citation to "materials in the record," including depositions, documents, affidavits, stipulations, and electronically stored information.  Fed. R. Civ. P. 56(c)(1)(A).  Rule 56(c)(1)(B) allows a party to "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  "The 'mere possibility' of a factual dispute is not enough."  *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1986).  In order to defeat a motion for summary judgment, the non-moving party must present probative

evidence that supports its position. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). In determining a motion for summary judgment, the non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255.

**Discussion**

Leatt contends it is entitled to summary judgment on plaintiffs' product liability claim because plaintiffs are unable to produce evidence to establish a *prima facie* case, requiring plaintiffs to prove a product defect and causation. Leatt argues that plaintiffs "cannot produce admissible evidence of either a product defect or proximate cause because the only testimony disclosed [from plaintiffs on these points] is from witnesses whose opinions and methods fail to meet . . . Fed. R. Evid. 702 and *Daubert*." (Leatt Mem. at 4.) Leatt's sole basis for summary judgment is that plaintiffs "failed to produce during discovery admissible opinion evidence on product defect and causation." (*Id.* at 3.)

Leatt's motion for summary judgment on plaintiffs' product liability claims is denied in that this Court has determined that the expert opinion testimony of plaintiffs' proffered expert witnesses Joseph Burton and Richard Stalnaker is admissible at trial. Accordingly, plaintiffs have produced evidence sufficient to at least create genuine disputes at trial as to the existence of a product defect and causation.

Leatt next argues that summary judgment is appropriate on plaintiffs' claims for "misrepresentation" and "deceptive consumer practices" under the OCSPA, arguing that the OPLA "abrogates these separate claims." (Leatt Mem. at 4-5.) In support of this position, Leatt cites *Fulgenzi v. Pliva, Inc.*, 867 F. Supp.2d 966 (N.D. Ohio 2012) (reversed on other

3

grounds) and *Mitchell v. Proctor & Gamble*, Case No. 2: 09 CV 426, 2010 WL 728222 (S.D. Ohio March 1, 2010). *Fulgenzi* held that:

> In Ohio, three basic theories of liability exist under which a claimant may assert a product liability action: (1) under the Ohio Product Liability Act; (2) negligence; and (3) breach of warranty. Plaintiff's common law tort claims are abrogated by the OPLA . . . . The OPLA also abrogates Plaintiff's product liability claim brought under the OCSPA.

867 F.Supp.2d at 972.

*Mitchell* likewise recognized that in enacting the OPLA, the Ohio legislature "intended to abrogate all common law product liability claims or causes of action." *See Mitchell*, 2010 WL 728222, at *4. In particular, the *Mitchell* Court stated that the OPLA has "been held to preempt claims under the OCSPA, where the OCSPA claims are primarily rooted in product liability claims." *Id*.

Plaintiffs do not address Leatt's preemption arguments in their opposition brief. They do not dispute that their misrepresentation and OCSPA claims have been abrogated by the OPLA. In that Leatt has persuasively demonstrated that plaintiffs' misrepresentation and OCSPA claims are abrogated by the OPLA, summary judgment in Leatt's favor is warranted on these claims.

**Conclusion**

For the reasons discussed above, Leatt's motion for summary judgment is granted in part and denied in part. Leatt's motion is denied with respect to plaintiffs' product liability claims as there is sufficient admissible evidence to demonstrate a product defect and causation. Leatt's motion for summary judgment is granted with respect to plaintiffs' alleged claims for "misrepresentation" (third cause of action) and under the OCSPA (fourth cause of

action) as those claims are abrogated by the OPLA.

      IT IS SO ORDERED.


                              /s/ Patricia A. Gaughan
                              PATRICIA A. GAUGHAN
                              United States District Judge

Dated: 7/17/13